UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALEX CRUZ and MASON MAHER III,

Plaintiffs,

v.

THE CITY OF PATERSON et al.,

Defendants.

No. 2:20-cv-15802
(MEF)(CF)


OPINION and ORDER

*       *       *

For purposes of this brief Opinion and Order, the Court assumes familiarity with the facts and procedural history of this case.

*       *       *

Earlier today, the Court denied two Defendants'[1] motions to dismiss the Plaintiffs'[2] claims against them.

Another Defendant, the City of Paterson, has also moved to dismiss the claims against it. See Notice of Motion to Dismiss the Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF 56).

The motion is granted.

*       *       *

The Plaintiffs' federal claims rely on the cause of action at 42 U.S.C. § 1983. See Second Amended Complaint and Jury Demand ("Complaint") (ECF 54) ¶¶ 1, 108-19.

---

[1]   Andre Sayegh and Ibrahim Michael Baycora.

[2]   Alex Cruz and Mason Maher III.

A municipality can only be liable under Section 1983 for actions that "may fairly be said to represent official policy." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

This can generally be established in two ways.

First, "when a decisionmaker possessing final authority to establish municipal policy" issues "an official proclamation, policy or edict" for the municipality. Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990) (cleaned up).

And second, when the relevant actions are taken pursuant to a custom that "is so well settled and permanent as virtually to constitute law" in the municipality. Id.

*    *    *

Here, the Plaintiffs have alleged that Paterson (from here, "the Defendant") has a "custom[], polic[y] and practice[]" of "punishing public sector organized labor representatives of employees of the City [for] the exercise of their protected" First Amendment rights. Complaint ¶¶ 110, 114; see id. ¶ 118.

And the Plaintiffs have also suggested that the other named defendants here, the Police Chief and the Mayor,[3] are "final policymakers of the Defendant City," such that any retaliatory actions taken by them against the Plaintiffs qualify as "official" acts that subject the City to Monell liability. See Complaint ¶¶ 110, 114; see id. ¶ 118.

But the Plaintiffs' allegations fall short.

They bear the burden of specifying "what exactly that custom or policy was," McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009), or showing that the identified individuals had final, unreviewable decision-making authority. See Santiago v. Warminster Township, 629 F.3d 121, 135 n.11 (3d Cir. 2010) (stating that while "whether [the police chief] is a final policymaker is ultimately a legal rather than a factual question, [but] that does not relieve [the plaintiff] of the obligation to plead in some fashion that he had final policymaking authority, as that is a key element of a Monell claim," and that "the Supreme Court has forbidden courts from assuming that municipal policymaking authority lies somewhere

---

[3]  See footnote 1.

other than where the applicable law purports to put it")
(cleaned up).

But as noted above, the complaint only recites the general
standards for liability:

> The actions of the Defendant City set forth and
> complained of . . . were actions engaged in or
> authorized by the individual Defendants . . . as
> final policymakers . . . and constitute actions
> taken pursuant to the customs, policies and
> practices of the . . . City, which include punishing
> public sector organized labor representatives of
> employees of the City, union officer employees of
> the City and other employees of the City in the
> exercise of their protected [First Amendment]
> rights.

Complaint ¶¶ 110, 114; see id. ¶ 118.

A mayor or police chief may well count as final policymakers in
many settings.  But a wholly bare recitation of Monell's
elements is insufficient to establish that --- at least, as
here, in the absence of any factual allegations that speak to
the source for the conclusion that these officials have final
authority.  See McTernan, 564 F.3d at 659; see also Phillips v.
County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008); Santiago,
629 F.3d at 134-35.

The Court cannot simply assume that a particular person, no
matter how senior, counts as the final policymaker.  The normal
work in this space --- such as pointing to relevant ordinances
or state laws --- is for the Plaintiffs to do, as part of
carrying their burden.  Not for the Court to take on in the
first instance.

Accordingly, the federal claims against Paterson are dismissed.

For similar reasons, the state claims against Paterson are
dismissed, too.  They rely upon the cause of action in the New
Jersey Civil Rights Act, see Complaint ¶¶ 120-25; N.J. Stat. Ann
§ 10:6-2, and the standards governing municipal liability under
this Act are "essentially the same" as those governing liability
under Section 1983.  Winberry Realty P'ship v. Borough of
Rutherford, 247 N.J. 165, 190 (2021).

IT IS on this 27th day of March, 2026, **SO ORDERED.**

3

Michael E. Farbiarz, U.S.D.J.